# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHWESTERN DIVISION

MICHAEL SMITH,                    )
                                  )
             Movant,          )          Civil No. 11-05113-CV-SW-DGK
                                  )
     v.                         )
                                  )
UNITED STATES OF AMERICA,         )
                                  )
           Respondent.        )

## ORDER DENYING MOVANT'S MOTION TO CORRECT SENTENCE

Pending before the Court is Movant Michael Smith's *pro se* Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court has carefully reviewed this Motion and the Government's Response, and for the reasons discussed below, this Motion is DENIED.

### Background

On April 8, 2010, Smith pleaded guilty, without a plea agreement, to an indictment that charged him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Crim. Doc 21).[1] On November 30, 2010, this Court sentenced Smith to a term of 180 months' imprisonment (Crim. Doc. 29). Smith did not file an appeal. Smith now has filed a timely motion, under § 2255, in which he alleges that he received ineffective assistance counsel. Specifically, he claims that:

(1) his attorney was ineffective because he did not explain the essential elements of the offense;

(2) his attorney in his prior state criminal case did not explain the possible collateral consequences of his guilty plea; and

(3) his attorney allegedly did not conduct an investigation into whether two of his prior state convictions resulted from conduct committed as a juvenile.

---

[1] The Court cites the related criminal case, 09-05031-CR-SW-DGK, as Crim Doc. __.

**Standard**

Title 28, section 2255 allows a district court to "vacate, set aside or correct [a] sentence" which "the court was without jurisdiction to impose . . . or . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Movants are entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Id.* at 2255(b).

The Sixth Amendment right to counsel entitles a criminal defendant to effective assistance of counsel. In *Strickland v. Washington,* the Supreme Court laid out a two-part test for deciding a claim of ineffective assistance of counsel. 466 U.S. 668 (1984). In order to succeed on a claim of ineffective assistance of counsel, a prisoner must first show that "counsel's performance was deficient . . . [meaning] that counsel made errors so serious the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense . . . [meaning] that counsel's errors were so serious as to deprive the defendant of a fair trial . . . ." *Id.* at 687.

**Discussion**

**A. Smith fails to allege a claim for ineffective assistance of counsel.**

Movant's first and only ground for relief is ineffective assistance of counsel. To support a claim of constitutionally ineffective assistance of counsel, a movant must demonstrate that (1) his counsel's performance was deficient and (2) he was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687.

To satisfy the first prong, a movant must show that counsel's performance "fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances." *United*

States v. Acty, 77 F.3d 1054, 1059 (8th Cir. 1996). In deciding whether a counsel's performance was ineffective, a court must consider the totality of circumstances surrounding the counsel's representation. *Strickland*, 466 U.S. at 690. A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Rodela-Aguilar v. United States*, 596 F.3d 457, 461 (8th Cir. 2010), quoting *Strickland*, 466 U.S. at 689.

To satisfy the second prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Because the alleged deficient performance involves a plea process, Smith must prove that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This prejudice inquiry also often involves the court assessing whether correcting the error would have resulted in a different outcome at a subsequent trial. *Hill*, 474 U.S. at 59-60.

Smith alleges that his counsel was ineffective for the following reasons: (1) counsel failed to explain the essential elements of the offense; (2) counsel did not adequately explain the possible collateral consequences of Smith's guilty plea; and (3) counsel did not conduct an investigation into whether two of Smith's prior state convictions resulted from conduct committed as a juvenile. The record demonstrates that Smith's attorney did not perform "below an objective standard of reasonableness" with regard to any of these alleged deficiencies.

Smith's first complaint is that "counsel failed in his duty to properly advise and/or explain to the Petitioner the elements of a crime thereby rendering his pleas invalid" (Doc. 6). In his complaint, however, Smith neglects to specify which element of the crime he failed to understand. Moreover at the change-of-plea hearing, Smith expressly acknowledged on the

3

record that on October 18, 2009, he possessed a firearm and ammunition that had been manufactured outside the State of Missouri and that, prior to that date, he had been convicted of a felony offense (Plea Tr. 6-7). Additionally, Smith admitted that each of the elements of being a felon in possession of a firearm was satisfied in his case. Accordingly, Smith fails to set forth any basis for his assertion that his attorney failed to advise him of the elements of the charge; thus his first ground for relief is without merit.

Smith next maintains that his attorneys in two prior burglary cases prosecuted by the state of Missouri were ineffective for failing to advise him that his burglary convictions could be "used against [him] in a subsequent prosecution for sentencing purposes. . . ." (Doc. 6). This claim, however, cannot be raised against the United States. Smith must instead seek relief from the state in which Smith was convicted. *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999). Therefore, Smith's second claim is also without merit.

Finally, Smith argues that his attorney was ineffective for failing to "investigate that Petitioner was a minor at the time of the two prio[r] state charges and Petitioner was tried as an adult" (Doc. 6). The two charges to which Smith refers occurred in January and February of 1988, at which time Smith was seventeen years old. Under Missouri state law, a person is deemed an adult for the purposes of criminal prosecution if he is seventeen years of age or older. RSMo § 211.021. Consequently, Smith was validly convicted as an adult for these crimes, and therefore, Smith's attorney was not ineffective for failing to investigate the circumstances of these convictions.

**B. Smith failed to allege any ground for relief, and, therefore, no evidentiary hearing is required.**

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id.* (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) ("A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." (internal quotation marks omitted)). Because here, Smith's allegations are purely legal in nature, rather than fact-based, and can be resolved solely on the basis of the record, he is not entitled to an evidentiary hearing on this motion.

**C. The Court declines to issue a certificate of appealabiltiy.**

Smith can appeal this Court's decision to the Eighth Circuit Court of Appeals only if this Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). Because Smith cannot make a substantial showing of a denial of a constitutional right or raise a debatable issue among reasonable jurists, this Court also declines to issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Case 3:09-cr-05031-DGK   Document 32   Filed 04/25/12   Page 5 of 6

## Conclusion

Smith's claims that he was given ineffective assistance of counsel are without merit. Accordingly, Movant's motion is DENIED. A hearing is not warranted because the record conclusively shows that Movant is not entitled to any relief. Finally, a certificate of appealability shall not issue.

**IT IS SO ORDERED.**

Dated: April 25, 2012

       /s/ Greg Kays
GREG KAYS
UNITED STATES DISTRICT JUDGE